IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES LEE MALENA, #09058763,<br>Plaintiff,<br><br>v.<br><br>PARKLAND JAIL HEALTH SERVICE, et al.,<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§ | 3:09-CV-2073-O |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge for pretrial management. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

This is a civil rights complaint brought by a county inmate pursuant to 42 U.S.C. § 1983.

Plaintiff James Lee Malena is currently confined at the Dallas County Jail in Dallas, Texas. Defendants are Parkland Jail Health Service and Dr. Cathy Pevelka. Following screening, the court issued process in this case.

Presently at issue is Defendant Parkland Jail Health Service's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), alleging that it is not a suable entity. Plaintiff has objected to Defendant's motion.

A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957). In *Bell Atlantic Corp.*

*v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007), the Supreme Court made clear that to survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."

Plaintiff's complaint fails to state a claim upon which relief can be granted as to Defendant Parkland Jail Health Service. It is well settled that a plaintiff may not bring a civil rights claim against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991) (holding that a police department is not a jural entity). A governmental department cannot engage in litigation "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.*

Plaintiff has failed to establish that Parkland Jail Health Service has ever been granted the capacity to sue or be sued. Accordingly, Defendant's motion to dismiss should be granted.[1]

---

[1] Since Dr. Pevelka remains a defendant in this case, the court need not grant Plaintiff leave to amend the complaint to name a suable entity or individual.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Defendant's motion to dismiss (Doc. #19) be GRANTED, and that Defendant Parkland Jail Health Service be DISMISSED with prejudice.

Signed this 18th day of February, 2010.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.